THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ SILVA, Defendant and Appellant.

No. 5725. Argued April 3, 1935.—Decided April 10, 1935.

*E. Martínez Avilés* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

José Silva was prosecuted for assault and battery. It is alleged that the defendant assaulted and battered José Guerrero with his fists, inflicting a blow on his left eye. The Municipal Court of Ciales found the defendant guilty and imposed upon him a fine of $5. After a trial *de novo* before the District Court of Arecibo, the said defendant was again convicted, and sentenced to pay a fine of $1 and, in default of such payment, to be confined in jail one day, with costs.

It is alleged that the trial court committed manifest error in weighing the evidence. The prosecution produced three witnesses: Arturo Guerrero, Antonio Salgado, and the supposedly injured party, José Guerrero. The first testified that he is the mayor of Morovis and the father of José Gue-

rrero; that he was called at about 12:30 a. m. and he saw that his son had received blows in the eye; that he investigated the case and that he did not witness the occurrence. Antonio Salgado began his testimony by saying that there was a serenade that night and that Iglesias and José Silva attempted to break it up, and when they were breaking it up, José Guerrero arrived and intervened and José Silva attacked him. Later he stated that José Guerrero and José Silva struck one another and that he cannot say who struck first.

José Guerrero states that on the night in question he was listening to a serenade; that there was a discussion among his brother, Iglesias, and Silva, and that the latter, upon seeing the witness, said to him "You are his brother," and also struck him in the left eye with his fists; that it was his brother Rafael who was giving the serenade; that there were quite a few people, and that José Iglesias and Rafael Guerrero, his brother, also fought; that they all fought, and that the police arrested Iglesias, Rafael Guerrero, and the witness; that they did not arrest Silva; that the latter hit him because his brother and Silva had had a quarrel; that he hit his brother and afterward assaulted the witness. That is the evidence introduced by the prosecution.

Olimpo Ayala, a witness for the defendant, testified that on the night referred to in the complaint, while he was standing on Carmen Street, right in front of José Grau, these boys, Silva and others, arrived, and they were standing behind the witness, and the Guerreros were passing on the other street and Yuyo Guerrero struck José Silva and Silva said that they could do anything they liked, that he was not going to fight with anyone; that later Iglesias fought with the Guerreros and the policeman came, and the policeman together with the witness separated them; that he saw Yuyo Guerrero strike the defendant; that the latter did not strike Guerrero at any time; that later Iglesias and Guerrero fought; that

he did not see him strike Guerrero and that it was Iglesias who fought with him. José Iglesias testified that that night a discussion arose between him and Rafael Guerrero, who said that he wanted a serenade; that the witness said that he wanted another; that Guerrero wanted his to be first and the witness wanted his to be first, and a discussion arose; that when they reached a corner, Rafael Guerrero struck Silva, who could do nothing, that the witness intervened and attacked Rafael Guerrero and they fought, and that then Pepe Guerrero arrived and attacked him, too, and the policeman Martínez came and took them to jail; that it was the witness who fought with Guerrero, and was arrested together with the Guerreros for breach of the peace, and that the three were fined $3, including Guerrero; that José Silva was fined $5; that the police did not arrest José Silva.

Juan Martínez, an insular policeman, testified that on March 4, 1934, at about midnight, he was on night duty and was going up Carmen Street and found this defendant, José Silva, standing, and that José and Rafael Guerrero were going by him and that, after he had walked a little, they began to strike Silva and that he turned back and arrested them and took them to the police station; that he saw Guerrero strike Silva in his presence, that Silva did not fight, that they threw him to the ground; that the defendant is a teacher; that he filed a complaint against the Guerreros for assault and battery; that the judge acquitted them of this offense and found that it was a breach of the peace, and sentenced Silva, Iglesias, and the Guerreros for breach of the peace; that he did not file a complaint against the defendant; that the witness has had no quarrel with the mayor; that about that time there was an investigation against the chief of police; that he has had no quarrel with Guerrero, who is his friend; that he took no part in the investigation; that José Silva never attacked the Guerreros; that he was standing at an intersection and the Guerreros attacked him.

Arturo Guerrero testified in rebuttal that the policeman Juan A. Martínez, apparently drunk, fell upon his sons with his club and struck them; that he filed charges against the said policeman, and that there was an investigation against three policemen, sergeant Pérez, and officer Martínez; that the relations between the police and the witness have not been cordial; that the chief and the other policeman were transferred; that they exonerated the officer of the charges because the witness agreed to it, because he only wanted him to be transferred from Morovis.

■ The defense argues that it is only the testimony of the supposedly injured party José Guerrero which supports the prosecution in part; but if this witness was given full credit by the lower court and his testimony supports, not in part, but entirely, the offense charged, the fact that the witnesses for the defense exonerated the defendant of all blame would not justify a reversal of the judgment, unless it were shown that the court was moved by passion, prejudice, or bias, or that it committed manifest error in weighing the evidence. And the manifest error assigned has not been satisfactorily shown.

The conflict existing between the testimony of José Guerrero and that of the other witnesses has been resolved by the lower court against the defendant, and we feel constrained to say that, in accordance with the constant and repeated decisions of this court, this is not a case in which we should intervene to reverse the decision rendered.

■ Lastly, it is urged that the lower court erred in permitting the witness Arturo Guerrero to testify as a witness for the prosecution. "The fact that in a criminal prosecution one witness may have heard the testimony of another is no ground for not admitting the testimony of the former." *People* v. *Díaz*, 35 P.R.R. 533. This assignment of error is overruled.

The judgment appealed from must be affirmed.